MPD:af 08-187

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL RIVIERE

vs. U.S.D.C. C.A. NO. 08-160ML

ROGER WILLIAMS UNIVERSITY

**OBJECTION TO PLAINTIFF'S MOTION FOR TEMPORARY/PRELIMINARY/PERMANENT INJUNCTION**

NOW COMES defendant Roger Williams University and hereby objects to plaintiff's motion for temporary/preliminary/permanent injunction.

/S/ Mark P. Dolan
Mark P. Dolan, Esq. (#3280)
RICE DOLAN & KERSHAW
*Attorneys for Defendant*
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800 telephone
(401) 421-7218 fax

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document has been sent to counsel of record, as follows, this 14th day of May, 2008:

Michael S. Kiernan, Esq.
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903

/S/ Mark P. Dolan

MPD:af 08-187

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL RIVIERE | |
| vs. | U.S.D.C. C.A. NO. 08-160ML |
| ROGER WILLIAMS UNIVERSITY | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR TEMPORARY/PRELIMINARY/PERMANENT INJUNCTION**

NOW COMES the defendant, Roger Williams University (hereinafter "RWU"), and submits this memorandum in support of its objection to the plaintiff's motion for a temporary, preliminary, and/or permanent injunction. The plaintiff has filed a motion for a temporary restraining order with respect to a disciplinary hearing that is scheduled for May 15, 2008. As basis for the temporary restraining order, the plaintiff states that he has thirty days pursuant to Title 28, § 1447 of the United States Code in which to file a motion for a remand and that issues of jurisdiction should be resolved prior to the disciplinary hearing. However, in order to satisfy the Court that the temporary restraining order is necessary and warranted, the plaintiff will have to prove a likelihood of success on the merits. The plaintiff's motion and memorandum in support thereof does not address the merits of the instant matter in any detail. The plaintiff has also failed to file a motion for remand. As a result, the plaintiff's motion for a temporary restraining order should be denied.

Ultimately, the plaintiff seeks to prevent RWU from conducting a hearing to address charges of alleged violations of RWU's University Student Conduct Code committed by plaintiff. The plaintiff alleges that if the hearing is to go forward, he will be deprived of his constitutional right to due process and against self-incrimination. As RWU is a private university and not a state actor, the plaintiff's constitutional claims and concerns do not apply.

As a result, RWU should be allowed to proceed with the hearing as called for in its Student Code.

## I. FACTS AND TRAVEL

The plaintiff is a student enrolled as a sophomore at RWU. On or about April 2, 2008, RWU received a statement from a female student indicating the plaintiff may have been involved in an episode of sexual misconduct that allegedly occurred on the night of March 31, 2008 through the morning of April 1, 2008. On April 7, 2008, the Portsmouth Police Department executed a warrant of the plaintiff's room and arrested him for possession of marijuana. On April 8, 2008, the plaintiff was removed from student housing and the alleged victim of the alleged sexual misconduct episode filed an official complaint. On April 9, 2008, a member of the RWU staff met with the plaintiff, who indicated that he did not wish to discuss the incident, nor provide a written statement until he was represented by an attorney. On April 21, 2008, notice was issued to the plaintiff regarding a hearing to take place on April 24, 2008 regarding the alleged sexual misconduct and marijuana possession.

On or about April 22, 2008, as a result of receiving the notice of charges, the plaintiff then filed a complaint in Superior Court seeking a temporary, preliminary and/or permanent injunction preventing the University from proceeding with the hearing. The plaintiff alleged in his complaint that if the proceeding were to go forward, the plaintiff would be deprived of his constitutional rights of due process and against self-incrimination. See Complaint at ¶¶ 8 and 9 attached hereto as Exhibit A. The plaintiff also alleged that he was in imminent danger of suffering irreparable harm were the hearing to go forward. See id. at ¶ 10. On April 23, 2008, the Rhode Island Superior Court granted Plaintiff's Ex Parte Motion for Temporary Restraining Order enjoining the University from proceeding with the hearing. By the plain terms of the

Temporary Restraining Order, it was to expire ten (10) days from April 23, 2008. The matter was set down for a preliminary injunction hearing on May 5, 2008. On May 1, 2008, RWU removed the matter from Rhode Island Superior Court to the United States District Court for the District of Rhode Island. As the original Temporary Restraining Order entered by the Supeior Court has expired, the matter is now before this Court on Plaintiff's Petition for a Temporary Restraining Order.

## II. PRELIMINARY INJUNCTION STANDARD

The First Circuit utilizes a four-part test to determine whether or not to grant preliminary injunctive relief:

> (1) The likelihood of success on the merits;
> (2) the potential for irreparable harm to the movement if the injunction is denied;
> (3) the balance of relevant impositions, i.e., the hardship to the non-movant if enjoined is contrasted to the movant if no injunction issues; and
> (4) effect, if any, of the Court ruling on the public interest. Wine & Spirit Retailers, Inc. v. State of Rhode Island, 418 F.3d 36, 46 (1st Cir. 2005) (citing Black Tea Soc'y v. City of Boston, 378 F.3d 8, 11 (1st Cir. 2004).

"The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that it is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

## III. DISCUSSION

At this time, the Temporary Restraining Order entered by the Rhode Island Superior Court on April 23, 2008 has expired by its own terms. The plaintiff has now filed the instant motion for a temporary restraining order seeking to prevent the University from proceeding with the disciplinary hearing scheduled on May 15, 2008. As basis therefore, the plaintiff submits

that he has thirty days within which to file a motion for remand and that the restraining order should issue while issues of jurisdiction are resolved. However, in order to obtain a temporary restraining order, the plaintiff will have to prove a likelihood of success on the merits. The plaintiff has not addressed this most important criteria in his memoranda. Since the plaintiff bears a burden of proving the likelihood of success on the merits, and the plaintiff has not set forth any facts or law in support of their likelihood of success on the merits, the plaintiff's motion for a temporary restraining order should be denied. Also, to date, the plaintiff has not filed a motion to remand the matter back to the Rhode Island Superior Court.

Ultimately, the plaintiff seeks to enjoin RWU from proceeding with the disciplinary hearing against the plaintiff until all possible criminal prosecutions regarding the plaintiff's alleged sexual misconduct and alleged marijuana possession have resolved. Thus, in order to succeed at this preliminary injunction phase, the plaintiff will have to show a likelihood of success on the merits with respect to enjoining RWU from conducting the hearing pending ongoing criminal investigations. The issue then ultimately becomes whether or not RWU, a private, non-state actor, may proceed with its disciplinary hearing against the plaintiff even though the plaintiff may face criminal prosecution with respect to the very same matters that will be the focus of the disciplinary hearing.

As his basis for seeking to enjoin RWU for commencing the proceeding, the plaintiff alleges in his complaint that if said proceedings are to go forward, his constitutional right to due process and against self-incrimination will be violated. However, as RWU is a private, non-governmental actor, the plaintiff's constitutional rights are not implicated. The constitutional right to due process and against self-incrimination were "intended to protect the citizen against oppression by the government, not to afford protection against one's own agreements." State of

North Dakota v. North Central Ass'n of Colleges and Secondary Schools, 23 F.Supp. 694, 700 (E.D. Ill. 1938); Gorman v. St. Raphael Academy, 853 A.2d 28, 38 (R.I. 2004); see also Berrios v. Inter American Univ., 535 F.2d 1330 (1st Cir. 1976) (holding that private university is not a state actor under 42 USC § 1983); Missert v. Trustees of Boston University, 73 F.Supp.2d 68 (D. Mass. 1999) (holding that decision of private university to dismiss student was not government action and thus no due process or equal protection violations arose). Since the constitutional concerns of the plaintiff are not implicated by the private, non-governmental actor RWU, the plaintiff cannot show any likelihood of success on the merits. As a result, the petition for a restraining order and/or permanent injunction should be denied.

Keeping the private actor status of RWU in mind, there is a First Circuit case that is instructive on the matter that deals with the University of Rhode Island, which is a government actor. See Gabrilowitz v. Frank Newman, President of the University of Rhode Island, et al, 582 F.2d 100 (1st Cir.1978). In Gabrilowitz, the First Circuit dealt with an appeal by the University of Rhode Island from a decision of the District Court granting the plaintiff's petition for a preliminary injunction that prevented URI from conducting a disciplinary hearing against the plaintiff unless he is allowed to be represented by an attorney of his choice. See id. at 101. The plaintiff had sought a preliminary injunction against the University after he was arrested on intent to commit rape charges and then informed of a disciplinary hearing that was noticed by URI concerning the rape charges. At the time, URI rules forbade the assistance of counsel to the student charged. The First Circuit determined that the disciplinary hearing could go forward but that the accused could have his own attorney present to counsel him during the proceeding. Id. at 107. In addressing the due process and self-incrimination concerns of the accused student if he were testify at the disciplinary hearing, the Court stated as follows:

> He can, if he wishes, stay out of the stream and watch the proceedings from dry land. But, if he does so, he forfeits any opportunity to control the direction of the current. Appellee must decide whether or not to testify at the hearing with the knowledge that, if he does, his statements may be used against him in a criminal case. A factor which further complicates the choice is an awareness of his own inability to evaluate the effect his statements may have in the criminal case. Although the choice facing him is difficult, that does not make it unconstitutional. Id. at 103.

In the instant action, RWU allows the plaintiff to have his attorney present within the parameters of the Gabrilowitz decision. Plaintiff's counsel has been given copies of RWU's investigation of the incident to this point. The plaintiff has been notified of the hearing date which has now has been rescheduled to May 15, 2008. The plaintiff has been given notice of the charges. See notice of charges letter attached hereto as Exhibit A. The plaintiff has a copy of the Roger Williams University Student Handbook, which sets forth the rules for disciplinary proceedings. See portion of RWU Student Handbook attached hereto as Exhibit B, pages 29-45. As is stated on page 41 of the Student Handbook under "Decision Making Bodies", "Formal Hearings", "The decision at any Hearing shall be based only upon information and testimony introduced at the Hearing." Thus, as in Gabrilowitz, the plaintiff's silence will not be held against him at the hearing. As in Gabrilowitz, the plaintiff here is faced with a difficult choice, but that does not make it unconstitutional. In fact, considering that RWU is a private institution as opposed to URI which is a government actor, the due process and self-incrimination concerns addressed in Gabrilowitz do not hold the same weight in the instant matter.

RWU has a significant interest in the promulgation of its own procedures for the resolution of student disciplinary problems. See id. at 106. Another member of the student body has brought the most serious of allegations against the plaintiff. RWU has not only a great interest but owes a great duty to all of its students and faculty to investigate such allegations. At this point, it is unclear whether the Portsmouth Police will bring any criminal charges against the

plaintiff with respect to this incident. Even if such charges were brought, it could take over a year before such charges were resolved. Were this Court to grant the plaintiff's petition, RWU would be left powerless to investigate and police its own student body. When weighing the competing interests, allowing RWU to proceed with this disciplinary hearing is the result that most fairly balances all such competing interests. As a result, the plaintiff's petition should be denied.

## IV. CONCLUSION

The plaintiff has failed to meet his burden under the preliminary injunction standard by showing a likelihood of success on the merits and possible irreparable harm. The mere fact that 28 USC § 1447 allows the plaintiff thirty (30) days in which to file a motion to remand dates does not give the plaintiff grounds for the Temporary Restraining Order sought. As a result, plaintiff's motion should be denied.

/S/ Mark P. Dolan
Mark P. Dolan, Esq. (#3280)
RICE DOLAN & KERSHAW
*Attorneys for Defendant*
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800 telephone
(401) 421-7218 fax

## CERTIFICATION

The undersigned hereby certifies that a true copy of the within document has been sent to counsel of record, as follows, this 14th day of May, 2008:

Michael S. Kiernan, Esq.
Kiernan, Plunkett & Redihan
91 Friendship Street
Providence, RI 02903

/S/ Mark P. Dolan